| UNITED STATES BANKRUPTCY COURT | 13-3589448 |
| EASTERN DISTRICT OF NEW YORK | Return Date: 12/15/10 |
| ------------------------------------------------------------ | Time: 10:00 A.M. |
| In Re: | Chapter 7 |
| **KYUNG SOOK CHUNG,** | Case No. 10-42826 (JBR) |
| Debtor. | |
| ------------------------------------------------------------ | |

**APPLICATION FOR AN ORDER AUTHORIZING EXAMINATION PURSUANT TO RULE 2004(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND AN ORDER DIRECTING THE PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004(c) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**TO THE HONORABLE JOEL B. ROSENTHAL,
UNITED STATES BANKRUPTCY JUDGE:**

ROBERT L. GELTZER, ESQ., the Trustee herein (hereinafter "Trustee" or the "Applicant"), and an attorney-at-law, duly admitted to practice before the United States District and Bankruptcy Courts for the Southern and Eastern Districts of New York, affirms under the penalty of perjury as follows:

1. On March 31, 2010 (the "Petition Date"), Kyung Sook Chung, the debtor (hereinafter "Debtor"), filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. Pursuant to the United States Trustee's Notice of Appointment of Interim Trustee and Trustee, on or about April 2, 2010, Applicant was appointed Trustee for the estate of the above-captioned Debtor, duly qualified, and is now acting as such Trustee.

3. This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

4. Venue of this Application is proper pursuant to 28 U.S.C. § 1409.

5. I am a member of the law firm of the Law Offices of Robert L. Geltzer, am the Trustee herein, and am fully familiar with the facts and circumstances of this case.

6. This application is based upon the Trustee's examination at the meeting conducted pursuant to § 341 of the United States Bankruptcy Code, a review of the Petition and Schedules, discussions had with the Debtor, and the attorney representing the Debtor, and a preliminary review of the documents thus far received from the Debtor through her attorney, notwithstanding that other documents have been requested but not received. It appears that she had property which appears to have been transferred to the Debtor's spouse and in which property there may have been equity at the time of the transfer and, perhaps, presently. The examinations of the documents and the Debtor are essential to determine whether any preferences exist, whether any fraudulent conveyance actions exist, whether any assets have been concealed, whether any of the Debtor's assets were improperly used for the personal benefit of the Debtor(s), and/or others, etc.

7. The examinations are also necessary in order to discover whether the petition is true and accurate.

8. Federal Rule of Bankruptcy Procedure 2004(a) ("Rule 2004") states that:

"On motion of any party in interest the Court may order the examination of any person." Subdivision (b) of Rule 2004 states that the scope of such an examination may relate "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter that may affect the administration of a debtor's estate . . . ." Subdivision (c) of Rule 2004 provides for the production of documents.

9. The documents requested relate to the petition and schedules filed by the Debtor and other "document[s] for filing", as that term is defined in 11 U.S.C. §110(a)(2), and are, therefore, within the parameters of Rule 2004. See In re Drexel Burnham Lambert Group, Inc., 112 B.R. 584 (Bankr. S.D.N.Y. 1191); see also In the Matter of Isis Foods, Inc., 33 B.R. 45 (Bankr. W.D. Mo. 1983) (establishing that under the discovery powers provided to trustees in bankruptcy, the trustee is granted a virtually unfettered right to inquire into all transactions and occurrences which relate to the debtor).

10. The scop of examination that may be conducted pursuant to Rule 2004 "is exceptionally broad and the rule itself is 'peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does.' Examinations under Rule 2004 are allowed for the 'purpose of discovering assets and unearthing frauds' and have been compared to a 'fishing expedition.' In re Duratech Indus., Inc., 241 B.R. 283 (E.D.N.Y. 1999) (quoting In re GHR Energy Corp., 33 B.R. 451, 454 [Bankr. D. Mass. 1983]). See also, in re Bakalis, 199 B.R. 443 (Bankr. E.D.N.Y. 1996) (the scope of an examination pursuant to Rule 2004 may be broad and unfettered).

11. The Debtor's rights in no way will be prejudiced if the Court grants the Applicant's motion and grants an Order for the examination(s) of the Debtor. The creditors' rights will be substantially prejudiced if the Court does not Order the examination(s) of the Debtor.

12. In light of all of the above and the high likelihood that the Court will grant the Trustee's Application for an Order to examine pursuant to Rule 2004, this application is being made ex parte.

13. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, your affirmant prays that this Court enter the attached tendered Order allowing the Law Offices of Robert L. Geltzer to obtain various documents from, and to examine, Kyung Sook Chung, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 13, 2010

                                         ROBERT L. GELTZER, ESQ.,
                                         Chapter 7 Trustee
                                         1556 Third Avenue, Suite 505
                                         New York, New York 10128
                                         (212) 410-0100


                                         By: /s/ Robert L. Geltzer
                                            ROBERT L. GELTZER (RG 4656)